## Skelton v. The State.

[No. 18,381.   Filed March 8, 1898.]

CRIMINAL LAW.—*Affidavit and Information.*—An affidavit and information charging defendant with stealing turkeys is not bad for failure to state that the turkeys were domestic and in possession of the owner where it is charged that they were owned by the person therein named and were of a given value.   *p. 642.*

SAME.—*Special Judge.—Objection.—Waiver.*—Where in the trial of a criminal cause on motion of the State for a change of venue from the regular judge, a special judge is appointed to try the cause without objection by defendant, he thereby waives his right to question the jurisdiction of the judge appointed by the regular judge. *pp. 642, 643.*

SAME.— *Verdict. —Indeterminate Sentence Law.—Petit Larceny.— Indiana Reformatory Act.*—A verdict simply stating the age of defendant and that he is guilty of petit larceny as charged in the indictment, without fixing the punishment to be inflicted, is authorized by the Reformatory Act (Acts 1897, p. 69), where defendant is over sixteen and less than thirty years of age.   *pp. 643, 644.*

SAME.—*Indeterminate Sentence Law.—Invasion of Right to Trial by Jury.—Constitutional Law.— Indiana Reformatory Act.*—The provision of section 13, article 1, of the constitution granting the accused in all criminal prosecutions the right to a trial by jury is not violated by the Reformatory Act (Acts 1897, p. 69) in not requiring the jury to fix the punishment of defendant.   *pp. 644, 645.*

SAME.—*Indeterminate Sentence Law.—Failure of Court to Fix Minimum Punishment.—Indiana Reformatory Act.*—In the trial of a criminal cause, under the indeterminate sentence law of 1897 (Acts 1897, p. 69), the failure of the court to fix the minimum punishment in the sentence is not error of which defendant can complain. *p. 648.*

From the Montgomery Circuit Court.   *Affirmed.*

*G. W. Paul, H. D. Van Cleave* and *W. B. Paul,* for appellant.

*W. A. Ketcham,* Attorney-General, *Dumont Kennedy* and *Merrill Moores,* for State.

HOWARD, C. J.—On affidavit and information by the prosecuting attorney, the appellant was found guilty of petit larceny, and sentenced to the Indiana Reformatory. The property alleged to have been stolen consisted of "forty-six turkeys, then and there the personal property of Delila Todd;" and it is assigned and argued as error that the court overruled a motion in arrest of judgment, for the reason that the affidavit and information fail to state that the turkeys were domestic, and in the possession of Delila Todd or some other person. The argument is that the turkeys might be wild ones, and therefore not the property of any person, and hence not subject to larceny. It is alleged, however, that they were "the personal property of Delila Todd;" and this sufficiently shows her owner-ship. *Turner* v. *State,* 102 Ind. 425. Their value is also alleged. If the turkeys were owned by Delila Todd, and were of a given value, they could not, at the same time, be mere game birds, untamed rangers of the forest and the prairie.

It is said, further, in support of the motion in arrest of judgment, that the court had no jurisdiction to try the case, for the reason that the regular judge, on motion by the State for a change of venue from the judge, sustained the motion, and appointed in his own stead the special judge who presided below. It may be, as counsel argue, that the statute does not give the State the right in a criminal cause to move for a change of venue from the judge. This, however, would not deprive the regular judge of the power to appoint an attorney in good standing to try one or more causes, or to hold court in his stead. Several sections of the statute make provisions for the appointment of special judges. Sections 1429, 1444, 1446, 1447, Burns' R. S. 1894 (1371a, 1381, 1383, 1383a, Horner's R. S. 1897). More than this, however, the appellant went to trial,

and submitted himself without objection to the juris-
diction of one who had at least colorable authority to
preside as judge. Appellant could not thus play fast
and loose with the court,—assume that it had juris-
diction to acquit him, but no jurisdiction to convict
him. By not objecting at the time of the trial, he
waived all right to question the jurisdiction of the
judge appointed by the regular judge to preside at
that trial. *State* v. *Murdock*, 86 Ind. 124; *Smurr* v.
*State*, 105 Ind. 125; *Schlungger* v. *State*, 113 Ind. 295;
*Greenwood* v. *State*, 116 Ind. 485. In *Smurr* v. *State*,
*supra*, it was said that "where a party goes to trial
without objection before a judge assuming to act
under color of authority, he cannot, after judgment
or conviction, successfully make the objection that
the judge had no authority to try the cause."

One of the reasons given why the motion for a new
trial should have been awarded is that "The verdict of
the jury is contrary to law." The reason so given is
based on the fact that the jury did not state in their
verdict, as required by section 1906, Burns' R. S. 1894
(1837, R. S. 1881), "the amount of fine and the punish-
ment to be inflicted." It is true that the statute cited
does require that the fine and punishment should
be stated in the verdict when the trial is by a jury.

But by section eight of an act approved February 26,
1897 (Acts 1897, p. 69), in force at the time of the trial
of this cause, it is provided that: "In all cases of
felony tried hereafter before any court or jury in this
State, if the court or jury find the person on trial
guilty of a felony, it shall be the duty of such court
or jury to further find and state whether or not the de-
fendant is over sixteen (16) years of age and less than
thirty (30) years of age. If such defendant be found
to be between said ages, and he be not guilty of
treason or murder in the first or second degree, it shall

only be stated in finding of the court or verdict of the jury, that the defendant is guilty of the crime charged, naming it, and that his age is that found by it or them to be his true age."

As petit larceny may be punished by imprisonment in the state prison it is, under our statutes, a felony. Section 1642, Burns' R. S. 1894 (1573, R. S. 1881). It therefore follows that, under the provisions above cited from the act of 1897, if valid, the verdict was sufficient; for it was therein stated that the appellant was guilty of petit larceny, and that his age was twenty-two years. Counsel, however, contend that the provisions cited, as to the form of verdict to be returned by the jury, cannot be valid, for the reason that they invade the constitutional right of trial by jury. The constitution provides that: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor." Const., Art. 1, section 13.

We are unable to see that any of these beneficent provisions of the bill of rights is violated by not requiring the jury to fix the punishment. Our statute, it is true, as we have seen, has heretofore provided that the jury shall in their verdict name the punishment to be inflicted. But the constitution makes no such requirement; and that which the statute has done the statute may undo, provided it remain within the bounds fixed by the constitution. The last act of the legislature controls in case of conflict. Indeed, aside from any statutory requirement, the fixing of punishment cannot be considered as any necessary

part of the trial of a cause. When the verdict or finding has determined the existence of the crime charged, the trial is ended, and the punishment to be thereafter inflicted is the sentence which the court pronounces under the law then in force. The fixing of such punishment seems to be a proper function of a court, rather than of a jury, a matter of judgment, rather than of finding or verdict. Certainly, the leaving of this duty to the court instead of to the jury, as the act in question does, is no invasion of the sacred right of trial by jury. Article six of the amendments to the constitution of the United States secures the same right to jury trial in all criminal prosecutions; but it has never been held that the practice in the federal courts, according to which the court and not the jury fixes the punishment, is an infringement of the right of trial by jury guaranteed by the constitution.

Neither is the provision in question a violation of the constitution, which provides that: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." Const., Art. 1, section 19. The law, when applied to the facts found, determines the guilt or innocence of the accused, and, in case of guilt, determines the crime committed. Of all this the jury has supreme control, under the constitution. But the sentence is the judgment of the court as to what, within the statutory limits, ought to be the proper punishment for the crime of which the defendant has been convicted.

We do not think, therefore, that the verdict provided for in the new statute is any violation of the constitution. The right of trial by jury, the right to have the innocence or guilt of the person charged with crime determined solely by a jury of his peers, is as fully guarded under the present as under the former statute.

But it is further contended that said section eight of the act of 1897 is invalid for at least two other reasons: (1) That it fails to provide for a definite sentence for the crime of which the defendant has been convicted; and (2) that it attempts to confer judicial powers or duties upon the board of managers of the reformatory.

Section sixteen of article one of the constitution provides, among other things, that: "All penalties shall be proportioned to the nature of the offense." By section 2007, Burns' R. S. 1894 (1934, R. S. 1881), petit larceny may be punished with a jail sentence, together with fine and disfranchisement; or it may be punished by imprisonment in the state prison, also with fine and disfranchisement. In section eight, *supra*, of the act here under consideration, provision is made for cases punishable by imprisonment in the state prison. As the jury in this case brought in their verdict under the act of 1897, the punishment must therefore be that provided for petit larceny, in the latter case, which is that the defendant "be imprisoned in the state prison not more than three years nor less than one year, fined in any sum not exceeding five hundred dollars, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." Section 2007, *supra*. As appellant was found to be twenty-two years of age, the act of 1897 modifies the punishment so provided for by substituting the reformatory for the state prison.

But it is said that the court failed to assess any definite term of imprisonment as punishment for the offense of which the defendant was found guilty. The judgment of the court was as follows: "It is therefore considered, ordered, and adjudged and decreed by the court that the defendant, Charles Skelton, is guilty of petit larceny, and that his age is twenty-two

years; that, for the offense by him so committed, he
be confined by the board of managers of the Indiana
Reformatory, at the Indiana Reformatory, or at such
place as may be designated by such board of man-
agers where he can be most safely and properly cared
for, for a term not more than three years. It is further
considered and adjudged that the defendant pay the
costs herein taxed at $———. The sheriff of Mont-
gomery county, Indiana, is hereby charged with the
due execution of the foregoing judgment."

The writer is of opinion that this judgment was not
a compliance with either section 2007, Burns' R. S.
1894 (1934, R. S. 1881), or with section eight of the act
of February 26, 1897. The former section, as to the
punishment for petit larceny, is still in full force, only
in so far as it is modified by the latter act. By the old
section the maximum limit of imprisonment in the
state prison for the crime of petit larceny is three
years, and the minimum limit one year. By the new
act, as we have seen, in case the criminal is between
sixteen and thirty years of age, as was the case here,
the reformatory is substituted for the prison, and it
is provided that it shall be adjudged, as a part of the
sentence of the court, "that he be confined therein for
a term not less than the minimum time prescribed by
the statutes of this state, as a punishment for such
offense, and not more than the maximum time pre-
scribed by such statutes therefor." The writer does
not think it is to be understood that the legislature
intended by the law, as so modified, that the court
should abdicate its function to adjudge what punish-
ment, within the limits fixed by the statute, should be
meted out to a defendant for a crime of which he
should be convicted.

The majority of the court, however, for reasons
given in *Miller* v. *State, ante,* 607, are of opinion that

the statute authorizes and requires an indeterminate sentence of imprisonment in this case, and that the judgment should therefore be affirmed. The circumstances that the court failed to provide that the appellant should be imprisoned for a term not less than one year, and that he should be fined and disfranchised, are not errors of which he can complain. *State v. Arnold,* 144 Ind. 651. Judgment affirmed.