Charles **HUNTER** et al., Plaintiffs in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Supreme Court of Tennessee.

Dec. 18, 1972.

See also, Tenn.Cr.App., 443 S.W.2d 532.

Albert H. Boyd, Memphis, for Charles Hunter and Franklin Wright.

Russell X. Thompson, Memphis, for Ulous Harris, Earl Foster and Garfield Huston.

David M. Pack, Atty. Gen., State of Tennessee, Bart C. Durham, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist.

Atty. Gen., Memphis, for defendant in error.

## OPINION

DYER, Chief Justice.

Plaintiffs in error were convicted of the offense of rape in the Criminal Court of Shelby County, Division III. Punishment for each plaintiff in error was fixed at death by electrocution. From the adverse judgments of the trial court, plaintiffs in error perfected an appeal to this Court. We affirmed the judgments of conviction. Hunter v. State (1969) 222 Tenn. 672, 440 S.W.2d 1. Thereafter, the Supreme Court of the United States vacated the judgments and remanded the cause to this Court for consideration of plaintiffs' in error contention that they were denied a fair and impartial jury to try the issue of punishment because veniremen who expressed reservations and conscientious objections about imposing the death penalty were excluded from the jury. Hunter v. Tennessee (1971) 403 U.S. 711, 91 S.Ct. 2285, 29 L. Ed.2d 820.

In the course of this opinion the parties will be designated as they appeared in the trial court; that is, Charles Hunter, Franklin Wright, Ulous Harris, Earl Foster, and Garfield Huston, as defendants, and State of Tennessee, as State.

This cause was tried during January and February of 1966. On February 17, 1966, the jury found defendants guilty of rape and fixed punishment at death. After motions for new trial were considered and overruled by the trial court, defendants seasonably perfected an appeal to this Court.

While the cause was pending in this Court, the Federal Supreme Court announced its decision in Witherspoon v. Illinois (1968) 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The *Witherspoon* case prohibits the imposition of a sentence of death

. . . if the jury that imposed or recommended it was chosen by excluding venirement for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.

It is said that a jury so constituted falls "woefully short of that impartiality" required under the Sixth and Fourteenth Amendments.

When the cause was originally before this Court, defendants by way of supplemental briefs raised the contention that the jury that assessed their punishment was selected in violation of the standards set forth in Witherspoon v. Illinois, *supra*. Our review of an alleged *Witherspoon* violation was precluded at that time for the reason that the voir dire examination had not been made a part of the bill of exceptions.

By Chapter 475 of the Public Acts of 1970 the General Assembly amended T.C. A. § 27–111 to empower appellate courts "to order the filing of [a late] bill of exceptions" in criminal cases. Dailey v. State (1971) Tenn., 470 S.W.2d 608. Subsequent to the remand of this cause from the Federal Supreme Court, the voir dire examination has been transcribed, authenticated, and certified to this Court.

There are two distinct questions presented in the case at bar. They are: (1) were venirement excluded from the jury for cause solely for the reason that they voiced general objections to capital punishment or religious or conscientious scruples to imposing the death penalty; and (2) if a violation of the principles announced in *Witherspoon* is found, does that require reversal of the convictions as opposed to a mere redetermination of punishment alone.

In reference to this first question presented, we are constrained to conclude that the jury that assessed the punishment of each defendant was selected by excluding for cause veniremen who expressed

general reservations about imposing the death penalty. Some of the prospective jurors were correctly challenged for cause because they stated they were inalterably opposed to capital punishment and could never vote to impose the same irrespective of the evidence adduced at trial. However, a review of the record convinces us that the jury lacked the requisite impartiality to assess punishment for the reason that numerous veniremen who expressed religious or conscientious scruples against capital punishment and numerous others who voiced general objections to the same were routinely excluded from the jury.

■ Having found a *Witherspoon* violation in the instant case, we must next determine whether or not this error requires reversal of the judgments of conviction or merely a remand for a reassessment of punishment. Defendants assert that a jury selected in violation of the *Witherspoon* standards is biased not only as to punishment but also on the issue of guilt or innocence.

■ We are unable to agree with defendants' contention. The exclusion of prospective jurors upon grounds held impermissible in Witherspoon v. Illinois, *supra,* does not in and of itself affect the validity of the judgments of conviction. As was said in the Witherspoon opinion, "we are not prepared to announce a per se constitutional rule requiring the reversal of every conviction returned by a jury selected as this one was." In Bumper v. North Carolina (1968) 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, the Supreme Court of the United States considered an identical contention and said:

In Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, we have held that a death sentence cannot constitutionally be executed if imposed by a jury from which have been excluded for cause those who, without more, are opposed to capital punishment or have conscientious scruples against

imposing the death penalty. Our decision in Witherspoon does not govern the present case, because here the jury recommended a sentence of life imprisonment. The petitioner argues, however, that a jury qualified under such standards must necessarily be biased as well with respect to a defendant's guilt, and that his conviction must accordingly be reversed because of the denial of his right under the Sixth and Fourteenth Amendments to trial by an impartial jury. Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; Turner v. State of Louisiana, 379 U.S. 466, 471–473, 85 S.Ct. 546, 548–550, 13 L.Ed.2d 424; Irvin v. Dowd, 366 U.S. 717, 722–723, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751. We cannot accept that contention in the present case. The petitioner adduced no evidence to support the claim that a jury selected as this one was is necessarily "prosecution prone," and the materials referred to in his brief are no more substantial than those brought to our attention in Witherspoon. Accordingly, we decline to reverse the judgment of conviction upon this basis.

In this case we find no evidence the jury was so "prosecution prone" that it was necessarily biased on the issue of guilt or innocence. In fact, this same jury which recommended the death penalty for these five defendants also acquitted two other of the defendants.

■ We are further of the opinion that there are no constitutional or statutory prohibitions in this State for retrial on the issue of punishment alone. The rule is well established that the constitutional right of trial by jury does not include the right to have the jury fix punishment. Corlew v. State (1944) 181 Tenn. 220, 180 S.W.2d 900; Woods v. State (1914) 130 Tenn. 100, 169 S.W. 558. In Woods v. State, *supra,* this Court said:

It is not essential that the jury assess the punishment, unless the statutes of the State so direct. The power to declare

what shall be the appropriate punishment for an ascertained crime belongs solely to the Legislature. That body may provide a minimum and a maximum, and leave it to the discretion of the jury to fix a definite term within these limits; or it may provide a single term, as is sometimes done, leaving nothing for the jury, except to respond to the issue of guilty or not guilty. The right to have the jury assess the punishment was not a part of the right of trial by jury at common law. Durham v. State, 89 Tenn. 723, 733, 18 S.W. 74; George v. People, 167 Ill. 447, 47 N.E. 741; People ex rel. Bradley v. Ill. St. Reformatory, 148 Ill. 413, 36 N.E. 76, 23 L.R.A. 139; Skelton v. State, 149 Ind. 641, 49 N.E. 901; Miller v. State, 149 Ind. 607, 49 N.E. 894, 40 L.R.A. 109.

▬ The Legislature set forth the maximum and minimum punishment for the offense of rape in T.C.A. § 39–3702. By virtue of this statute the extent of punishment for those persons convicted of rape is vested solely within the discretion of the jury within the limits prescribed. Hunter v. State, *supra*. It is our view of the instant case that the Legislature contemplated that a person convicted of rape would have a statutory right to have punishment assessed by a jury of his peers.

▬ The statutory right of an accused convicted of rape to have punishment assessed by a jury of his peers does not carry with it the right to have the punishment fixed by the same jury that determined guilt or innocence. In Tennessee there is no statutory prohibition against bifurcated trials. Likewise, the constitutional validity of this procedure is beyond question. In Huffman v. State (1956) 200 Tenn. 487, 292 S.W.2d 738, this Court said:

Section 9 of Article 1 of the Constitution of Tennessee, insofar as herein applicable, provides:

"That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; * * * speedy public trial, by an impartial jury of the County in which the crime shall have been committed, and shall not be compelled to give evidence against himself." Vol. 1, T.C.A. page 275.

No where in this constitutional provision is it provided that the same jury that finds the man guilty must fix the punishment.

The United States Constitution, Clause 3, Section 2 of Article 3, insofar as herein applicable, provides:

"The trial of all crimes, except in cases of impeachment, shall be by jury." Vol. 1, page 80, T.C.A.

There is nothing, so far as we can find, in the United States Constitution that provides or guarantees an accused that the same jury that finds him guilty shall fix his punishment.

From what has been said above, we are of the opinion that defendants are not entitled to have the judgments of conviction reversed. The cause must be remanded only for a redetermination of punishment.

Since bifurcated trials are relatively uncommon in Tennessee procedure, we feel that it is important to repeat the guidelines set forth in Huffman v. State, *supra*. Mr. Justice Burnett, speaking for this Court, said:

On remand the only question for the consideration of the jury will be the punishment to be fixed * * *. Thus both sides may introduce proof as to how the assault was committed, the injuries, aggravation or mitigation, etc., so that the jury may properly fix the penalty. The trial judge should charge the jury that the plaintiff in error is guilty * * * and that the fixing of the punishment is all they are to do.

As to the most recent case on the issue of bifurcated trials see Beaver v. State of Tennessee, Tenn.Cr.App., 475 S.W.2d 557

(1971), certiorari denied by this Court on January 3, 1972.

For the reasons set forth above, it results that defendants' first assignment of error is sustained, and the cause is remanded to the Criminal Court of Shelby County for further proceedings not inconsistent with this opinion.

During the course of the preparation of this opinion the United States Supreme Court on June 29, 1972, released its opinion in the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The effect of this opinion for the various reasons stated by the majority is to render void the penalty of death as it exists under the statutes of Tennessee. Upon re-trial of this case for the purpose of fixing the punishment, the trial court in instructing the jury as to the penalties will omit the death penalty.

CHATTIN and McCANLESS, JJ., and JENKINS, Special Justice, concur.