# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 11, 2015

## STATE OF TENNESSEE v. JOHN J. ORTEGA, JR.

**Appeal from the Circuit Court for Montgomery County**
**No. 41100543     Michael R. Jones, Judge**

_____

**No. M2014-01042-CCA-R3-CD – Filed April 23, 2015**

_____

Defendant, John J. Ortega, Jr., was indicted by the Montgomery County Grand Jury for two counts of rape of a child. After a jury trial, Defendant was found guilty of aggravated sexual battery which was charged as a lesser included offense in Count One. He was found not guilty in Count 2. As a result, he was sentenced to nine years of incarceration. Defendant appeals, arguing that aggravated sexual battery is not a lesser included offense of rape of a child. Defendant did not object to the jury instructions at trial. However, we have determined that aggravated sexual battery is no longer a lesser included offense of rape of a child under Tennessee Code Annotated section 40-18-110 as amended. Therefore, the trial court's instructions were in error. However, we determine that the evidence is sufficient to support a conviction of the lesser included offense of child abuse. Consequently, we modify Defendant's conviction for aggravated sexual battery to child abuse and remand the matter to the trial court for entry of a corrected judgment and a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed as Modified and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

James O. Martin III, Nashville, Tennessee (at motion for new trial and on appeal) and Debra A. Wall and James R. Potter, Clarksville, Tennessee (at trial) for the appellant, John J. Ortega, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; John W. Carney, District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

This is Defendant's direct appeal from his Montgomery County conviction of aggravated sexual battery. In June of 2011, Defendant was indicted by the Montgomery County Grand Jury for two counts of rape of a child after a five-year-old neighbor, A.S.,[1] alleged Defendant "lick[ed]" and "pinch[ed]" her vagina.

At trial, the following facts were presented. Defendant lived in a duplex next door to the victim's mother and stepfather in Clarksville. The victim's mother had two children of her own, A.S. and a son. The couple also had an infant daughter together. At the time of the incident, the victim's stepfather was on probation for statutory rape. Next door, Defendant lived with his fiancée and her ten-year-old daughter. Though the couples lived next door to each other, they did not routinely socialize together.

On the afternoon of March 11, 2011, the victim's stepfather helped Defendant work on a car. After they finished the work on the car, all four adults shared some alcoholic beverages together at Defendant's home. After a while, the victim's stepfather felt "tipsy" and decided to lie down in his van, parked in the driveway. The women decided to go to McDonald's to get something to eat, leaving the children in the house alone, asleep in their bedrooms. Defendant was at his house. The ten-year-old was left in charge of the other children.

A.S. and her brother shared a bedroom with bunk beds. The lower bunk had a full-size bed. A.S. slept on the upper bunk, a twin-size bed. When A.S. went to bed, she had on a t-shirt, underwear, and blue jeans. The infant was asleep in another room.

The ten-year-old became concerned when the infant started crying. She started to make the baby a bottle. She noticed that Defendant was in the house behind her while she was making the bottle, but when she finished, Defendant was not there. The ten-year-old went back to her house to look for Defendant. She was unable to locate Defendant, so she woke up the victim's stepfather from where he was sleeping in the van.

The victim's stepfather entered the house and heard "a small little screaming" coming from the children's bedroom. The victim's stepfather claimed that he opened the bedroom door and saw Defendant standing on the lower bunk bed and reaching over into the upper bunk bed. The Defendant had his left hand over the mouth of A.S. and his right hand between her legs. A.S.'s pants and underwear were pulled completely off one of

---

[1] It is the policy of this Court to refer to minor victims of sexual crimes by their initials.

her legs and down to the knee on the other leg. The ten-year-old saw Defendant standing on the lower bunk bed and A.S. sitting on the upper bunk bed, crying.[2] Defendant explained that he was helping A.S. take off her pants. Defendant left the room and the house shortly thereafter.

When the victim's mother got home, she was notified about the incident. She took the child into the bathroom to examine her for injuries. A.S. had what looked "like little cuts all around, almost . . . like bloody spider webs" all around the area of her vagina. A.S. told her mother that Defendant pinched her and that it "really hurt."

At trial, A.S., who was then seven years old, testified that Defendant came into her room and told her to be quiet before he licked and pinched her privates. Defendant asked her to pull her pants down. When she refused, Defendant pulled them down. A.S. stated that as Defendant was licking and pinching her vagina, he asked her whether her Mom or Dad did that to her before. A.S. stated that Defendant covered her mouth when she tried to scream and only stopped when her stepfather walked into the room. A.S. denied that she told another adult shortly after the incident that her mother was present and saw half of what happened to her that night.

No one called the police. The victim's mother administered Monistat cream at the suggestion of Defendant's fiancée, an emergency medical technician. Several hours later, the victim's mother and aunt took A.S. to Gateway Hospital. Once at the hospital, the victim's mother reported that A.S. might have a yeast infection or a urinary tract infection ("UTI") and that she was complaining of itching with urination. At trial, the victim's mother stated that she told the hospital about a possible infection only because it was suggested by Defendant's fiancée.

There was no urinalysis performed on A.S. at Gateway Hospital. When she made allegations against Defendant, A.S. was taken to Meharry Hospital, affiliated with Our Kids, a center that provides assistance to victims of sexual abuse. A urinalysis was not performed at Meharry. A.S. was interviewed at Our Kids clinic by licensed clinical social worker Sandra Gonzalez. A.S. reported that a male neighbor came into her room and hurt her with his fingernails. A.S. described that the man covered her mouth and licked her private area.

---

[2] At trial, the ten-year-old admitted on cross-examination that merely three days after the incident she reported a different version of the events. For instance, the ten-year-old originally reported that the victim's stepfather was on the computer in his own home when this occurred; that she had observed Defendant the entire time and that all he did was try to get A.S. to go back to bed by going to her room to calm her down and lift her back up on to the bed; and that the victim's stepfather told his daughter to shut up and go back to bed. Later, when testifying at trial, the ten-year-old maintained that this version of the events was a lie perpetrated for the benefit of the Defendant.

During examination of the victim at the hospital, nurses observed blood in the child's underwear as well as on the outside of her external labia. Sue Ross, a pediatric nurse practitioner, testified as an expert in the field of child sexual abuse. According to Ms. Ross, the examination of A.S. revealed a number of injuries to the external labia as well as some internal injuries, including "bruising" on the hymen and area around the hymen. There was also a "partial thickness" tear to the hymen that would have been caused by something "penetrative in nature." In her opinion, the injuries occurred within seventy-two hours of the examination. The injuries were consistent with the report of being hurt with fingernails. Ms. Ross also opined that a urinalysis would have been reasonable upon complaints of itching and burning during urination.

Fingernail scrapings and a DNA sample were taken from both the victim's stepfather and Defendant. Forensic analysis of Defendant's fingernail scraping revealed the DNA profile to be a mixture of DNA from the Defendant and a partial match to A.S. Forensic analysis of the fingernail scrapings from the victim's stepfather revealed only his DNA. The forensic scientist, Michael Turbeville, testified that he could not surmise from what part of A.S.'s body the DNA originated.

Tina Slaven, a detective with the Clarksville Police Department, was assigned to investigate the complaint made by A.S. against Defendant. She contacted Defendant the morning after the incident. Defendant prepared a written statement in which he asserted that the victim's stepfather was in the room with A.S. and that the only thing he did in the bedroom was change the clothes of the child and put her to bed.

Defendant's fiancée testified on behalf of Defendant. She acknowledged that she married Defendant after the allegations surfaced but that the couple was going through a divorce at the time of trial. She recalled A.S. complaining about burning during urination. She was present when the victim's mother looked at A.S.'s private area and noticed that it was red and that the child was scratching at herself. She testified that the victim's mother told her the child had had an infection for two to three weeks and even had some bleeding that started two or three days prior to the incident. Defendant's fiancée even claimed that the victim's mother had confided in her that A.S. made sexual assault allegations against the victim's stepfather several months prior to the incident. Defendant's fiancée admitted on cross-examination that she did not tell the investigator any of the things that she testified to at trial. On the night of the incident, Defendant's fiancée witnessed A.S. crying and complaining of pain and bleeding. She also heard A.S. state that Defendant was the perpetrator.

Defendant testified at trial that he helped the victim's stepfather work on a car the afternoon of the incident. They were drinking, and, eventually, the victim's stepfather

-4-

passed out in his van. While the women were gone to get food, the victim's mother called and asked him to check on the victim's stepfather. Defendant and the ten-year old woke the victim's stepfather. They followed him into his house where he started using a computer. Defendant explained that the baby was crying, and A.S. came out of her room asking for help, so the victim's stepfather asked for help because he was drunk. Defendant went to A.S.'s room and helped her change into her pajamas. The child was not wearing underwear at the time. Defendant looked through a pile of laundry for underwear, found a pair, and helped A.S. put them on before helping her get back into bed. The ten-year old had fixed a bottle for the baby and entered the room while Defendant was helping get A.S. dressed. A.S. slipped as she was climbing into the bed. Defendant caught her. A.S. was asking for her mother. At that point, the victim's stepfather entered the room and asked for the source of the noise. Defendant left the room with the ten-year old. The victim's stepfather left the room, telling A.S. to "shut the hell up." Defendant went back to his own house and was watching television when the ten-year old came in to tell him that he was needed next door. Once he arrived, he was asked about what he did to A.S. Defendant explained that he may have hurt her arm when he caught her as she slipped off the bed. Defendant did not know until the next morning that he was being accused of raping the child.

At the conclusion of the jury trial, Defendant was found guilty of aggravated sexual battery in Count One and not guilty in Count Two. Count One related to the "digital vaginal penetration" of A.S. As a result, Defendant was sentenced to nine years in incarceration.

Defendant filed a motion for new trial and supplemental motion for new trial. In the supplemental motion for new trial, Defendant argued that his conviction for aggravated sexual battery should be vacated because aggravated sexual battery is not a lesser included offense of rape of a child. To support his argument, Defendant relied on *State v. Dallas Jay Stewart*, No. M2011-01994-CCA-R3-CD, 2013 WL 3820992 (Tenn. Crim. App. Jul. 22, 2013), *no Tenn. R. App. P. 11 application filed*, an unreported opinion from this Court. The trial court denied the motion for new trial. This appeal followed.

*Analysis*

On appeal, Defendant complains that the trial court improperly instructed the jury that aggravated sexual battery was a lesser included offense of rape of a child. To support his argument, Defendant relies on the same argument utilized at the hearing on the motion for new trial, citing *Dallas Jay Stewart*. Additionally, Defendant cites *State v.*

*David Michael Blevins*, No. E2013-01976-CCA-R3-CD (Tenn. Crim. App. May 23, 2014), *perm. app. denied* (Tenn. Nov. 20, 2014).[3]

The basic right to trial by jury is guaranteed by the United States and Tennessee Constitutions. U.S. Const. Amend. VI; Tenn. Const. Art. I, § 6. Therefore, "a defendant has a right to a correct and complete charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000) (citing *State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990)). Accordingly, trial courts have a duty "to give a complete charge of the law applicable to the facts of a case." *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986) (citing *State v. Thompson*, 519 S.W.2d 789, 792 (Tenn. 1975)). A charge is prejudicial error "if it fails to fairly submit the legal issues or if it misleads the jury as to the applicable law." *State v. Hodges*, 944 S.W.2d 346, 352 (Tenn. 1997). Erroneous jury instructions require a reversal, unless the error is harmless beyond a reasonable doubt. *See Welch v. State*, 836 S.W.2d 586 (Tenn. Crim. App. 1992). Whether the trial court properly instructed the jury on a certain offense is mixed question of law and fact. *State v. Thorpe*, __ S.W.3d __, M2012-02676-SC-R11-CD, 2015 WL 1546392, at *5 (Tenn. Apr. 6, 2015); *State v. Rush,* 50 S.W.3d 424, 427 (Tenn. 2001). Accordingly, the standard of review is de novo with no presumption of correctness.

### *Failure to Object to Instruction*

The State argues that Defendant waived the issue by failing to object to the instruction at trial and is not entitled to review in this Court because he cannot establish plain error.

---

[3] We note that *David Michael Blevins* was designated by the Tennessee Supreme Court as "NOT FOR CITATION." According to Tennessee Supreme Court Rule 4(E):

> (1) If an application for permission to appeal is hereafter denied by this Court with a "Not for Citation" designation, the opinion of the intermediate appellate court has no precedential value.

> (2) An opinion so designated shall not be published in any official reporter nor cited by any judge in any trial or appellate court decision, or by any litigant in any brief, or other material presented to any court, except when the opinion is the basis for a claim of res judicata, collateral estoppel, law of the case, or to establish a split of authority, or when the opinion is relevant to a criminal, post-conviction or habeas corpus action involving the same defendant.

None of the situations described in Rule 4(E)(2) apply herein. Thus, we are unable to consider *David Michael Blevins* as authority on appeal as it has no precedential value.

Tennessee Rule of Criminal Procedure 30(b) states that after the trial court instructs the jury regarding the relevant law, the parties must be given an opportunity to object to the contents of the instructions. Rule 30(b) states that "counsel's failure to object does not prejudice the right of a party to assign the basis of the objection as error in a motion for a new trial." While a defendant must object to an omitted jury instruction to preserve the issue on appeal, the Tennessee Supreme Court, interpreting Rule 30(b) of the Tennessee Rules of Criminal Procedure in a case involving a defendant who did not object at trial to the inclusion of what he perceived to be an erroneous lesser included offense instruction, has held that a defendant's right to challenge the inclusion of an erroneous jury instruction is not waived by his failure to make an objection at trial. *State v. Lynn*, 924 S.W.2d 892, 898-99 (Tenn. 1996). The defendant may still raise the issue in a motion for new trial. *Lynn*, 924 S.W.2d at 899.

Although the Rules of Criminal Procedure do not prohibit relief in the absence of an objection, Tennessee Code Annotated section 40-18-110(d), which was in effect at the time of Defendant's trial in July of 2013, states:

> Prior to instructing the jury on the law, the trial judge shall give the parties an opportunity to object to the proposed lesser included offense instructions. *If the defendant fails to object to a lesser included offense instruction, the inclusion of that lesser included offense instruction may not be presented as a ground for relief either in a motion for a new trial or on appeal.* Where the defendant objects to an instruction on a lesser included offense and the judge does not instruct the jury on that offense, the objection shall constitute a waiver of any objection in the motion for a new trial or on appeal concerning the failure to instruct on that lesser included offense. The defendant's objection shall not prevent the district attorney general from requesting lesser included offense instructions or prevent the judge from instructing on lesser included offenses . . . .

T.C.A. § 40-18-110(d) (emphasis added); *see State v. Burns*, 6 S.W.3d 453, 469 (Tenn. 1999).

After reading Tennessee Rule of Criminal Procedure 30(b) and Tennessee Code Annotated section 40-18-110(d) together, there appears to be a conflict between the rule and the statute—the rule which permits a defendant who had failed to object to raise the erroneous inclusion of a lesser included offense instruction as a basis for relief in a motion for new trial and the statute which prohibits a defendant who had failed to object from raising either in a motion for new trial or on appeal the erroneous inclusion of the proposed lesser included offense instruction. To resolve the conflict, we look to *Midsouth Pavers, Inc. v. Arnco Const., Inc*., 771 S.W.2d 420, 422 (Tenn. Ct. App. 1989).

In *Midsouth Pavers, Inc*, our court of appeals held that statutes in conflict with rules of procedure should be given effect to the fullest extent possible. It is well established that a specific provision relating to a particular subject takes precedence over a general provision applicable to a multitude of subjects. *State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995). "'The special provision [is] deemed an exception, and the general provision [is] construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.'" *State ex rel. v. Safley*, 112 S.W.2d 831, 833 (Tenn. 1938) (quoting *Board of Park Comm'rs v. City of Nashville*, 185 S.W. 694, 698 (Tenn. 1916)). Therefore, the apparent conflict between Tennessee Rule of Criminal Procedure 30(b) and Tennessee Code Annotated section 40-18-110(d) should be resolved in favor of the statute, as the rule relates to jury instructions in general while the statute is specifically directed to lesser included offense instructions. Because we determine that Tennessee Code Annotated section 40-18-110(d) controls, and because Defendant herein did not object at trial to the inclusion of the charge on aggravated sexual battery as a lesser included offense of rape of a child, raising the issue for the first time in his motion for a new trial, the issue ordinarily would be waived and cannot be presented as a ground for appeal absent plain error.

Though not cited by either party, this Court's opinion in *State v. Mario C. Gray a/k/a Ricky Fletcher*, No. M2006-00398-CCA-R3-CD, 2007 WL 4547970 (Tenn. Crim. App. Dec. 17, 2007), *perm. app. denied* (Tenn. Apr. 28, 2008), is instructive. In *Mario C. Gray*, the defendant was indicted for aggravated robbery and attempted first degree murder. At trial, he was convicted of aggravated robbery and felony reckless endangerment. On appeal, the defendant argued that felony reckless endangerment was not a lesser included offense of attempted first degree murder. The defendant failed to object to the jury charge at trial. *Id.* at \*10.

In its analysis of the issue, this Court relied in part upon Tennessee Code Annotated section 40-18-110(d), *State v. Davenport*, 980 S.W.2d 407 (Tenn. Crim. App. 1998), and *Demonbreun v. Bell*, 226 S.W.3d 321 (Tenn. 2007). Notably, in *Demonbreun*, the defendant was charged with attempted first degree murder and was ultimately convicted of aggravated assault because the trial court charged the jury with aggravated assault as a lesser included offense. Seeking habeas relief, the defendant in *Demonbreun* argued that his conviction was void because the indictment failed to notify him of the charges against him, namely aggravated assault, because aggravated assault was not a lesser included offense of attempted first degree murder. However, defense counsel had requested the instruction at trial. Initially, this Court granted habeas relief, determining that, because aggravated assault was not a lesser included offense of attempted first degree murder at the time of the defendant's conviction, the defendant could not legally be convicted of an offense that was not charged in the indictment. *Wayford Demonbreun v. Ricky Bell*, No. M2005-01741-CCA-R3-HC, 2006 WL 197106 (Tenn. Crim. App. Jan.

26, 2006), *perm. app. granted* (Tenn. Aug. 21, 2006). Thus, the conviction for aggravated assault was void on its face because the trial court lacked the authority to render a judgment. *Id.* at *5. The Tennessee Supreme Court granted permission to appeal and determined that the court would:

> continue to follow the rule set forth in *Davenport*, 980 S.W.2d at 409, and reaffirmed in [*State v.*] *Stokes*, 24 S.W.3d [303,] 306 [(Tenn. 2000)], that we will not presume consent to an amendment to an indictment merely from the defendant's silent acquiescence to a jury instruction based on an incorrect belief that an offense is a lesser included offense. However, we find nothing in *Stokes* to prevent the court from finding an effective amendment to an indictment where the defendant actively seeks the jury instruction on the uncharged offense. A defendant should not be able to "'complain about convictions on an offense which, without his own counsel's intervention, would not have been charged to the jury.'" [*State v.*] *Ealey*, 959 S.W.2d [605,] 612 [(Tenn. Crim. App. 1997)] (quoting [*State v. Robert W.*] *Bentley*, [No. 02C01-9601-CR-00038], 1996 WL 594076, at *2 [(Tenn. Crim. App. Oct. 17, 1996]). This is particularly true in light of Tennessee Rule of Appellate Procedure 36(a), which states in pertinent part: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

*Demonbreun*, 226 S.W.3d at 326.

> Following that reasoning, in *Mario C. Gray*, this Court determined:

> where a statute is susceptible to two interpretations, one in harmony with, and the other in violation of, constitutional provisions, it is the duty of the courts to interpret the statute so as to bring it within constitutional limitation. *Ellenburg v. State*, 215 Tenn. 153, 384 S.W.2d 29, 31 (Tenn. 1964) (citing *Exum v. Griffis Newbern Co.*, 144 Tenn. 239, 230 S.W. 601, 603 (Tenn. 1921)). Bearing this tenet in mind, we hold that T.C.A. § 40-18-110(d) provides for a waiver of a defendant's right to challenge only a lesser included offense instruction, since a truly lesser included offense is already embraced in the principal charge. This was the case in [*State v.*] *Christopher S. Love* [No. M2005-01731-CCA-R3-CD, 2006 WL 2843437 (Tenn. Crim. App. Oct. 5, 2006)]. The statute however does not create a waiver through a mere failure of a defendant to object and by implication an amendment to the indictment to allege any offense the trial court cares to inject into the prosecution.

T.C.A. § 40-18-110(d) does not provide for a waiver of appellate review where a defendant fails to object to an offense that is not a *lesser included* offense of the principal charge already in the indictment. A fortiori a defendant's mere failure to object to a proposed jury instruction which includes an offense that is not a lesser included offense, will likewise not constitute implicit consent to an amendment to the indictment.

*Mario C. Gray*, 2007 WL 4547970, at *13-14 (Emphasis in original).

Applying the logic of *Mario C. Gray* to the case herein, if Defendant is correct in his assertion that aggravated sexual battery is not a lesser included offense of rape of a child, then the trial court's instructions were in error, and Defendant's silence does "not constitute implicit consent to an amendment to the indictment." *Id.* According to *Mario C. Gray*, in this situation, Defendant would be entitled to relief despite his failure to object to the instructions at trial. Thus, we disagree with the State's argument that Defendant has waived the issue.

*Aggravated Sexual Battery as a Lesser Included Offense of Rape of a Child*

In order to determine whether aggravated sexual battery is a lesser included offense of rape of a child, we look to the process utilized by courts to determine whether an offense is a lesser included offense of the offense charged in the indictment. Prior to the enactment of Tennessee Code Annotated section 40-18-110 in July of 2009, the Tennessee Supreme Court adopted a process for determining if the evidence presented during a trial justified a jury instruction on a lesser included offense. *Burns*, 6 S.W.3d at 469. Under *Burns*, an offense is a lesser included offense of an indicted offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged . . . ; or

(2) an attempt to commit the offense charged . . .; or

(3) solicitation to commit the offense charged.

*Id.* at 466-67.

Under the test set forth in *Burns* and the application of that test by the courts of this state, it was clear that aggravated sexual battery was a lesser included offense of rape of a child under part (b)(2). It failed to meet the definition of a lesser included offense under part (a) because it contained an additional element establishing a less serious harm or risk of harm to the victim. *See, e.g.*, *State v. Evans*, 108 S.W.3d 231, 237 (Tenn. 2003); *State v. Elkins*, 83 S.W.3d 706, 713 (Tenn. 2002).

Ten years after *Burns*, Tennessee Code Annotated section 40-18-110 was amended by adding subsections (f) and (g). With this amendment, the Legislature codified in large part the test articulated in *Burns*. *See Jeremy Wendell Thorpe*, 2015 WL 1546392, at *8. Subsection (f)(1) corresponds to part (a) of the *Burns* test set forth above and defines a lesser included offense as one in which all the statutory elements are "included within the statutory elements of the offense charged[.]" Subsections (f)(2)-(4) correspond to part (c) of the test set forth in *Burns* and define lesser included offenses as facilitation, attempt, or solicitation to commit the indicted offense. Subsection (g) enumerates specific offenses as lesser included offenses of certain homicide and sexual offenses. Specifically, the statute provides as follows:

(f) An offense is a lesser included offense if:

(1) All of its statutory elements are included within the statutory elements of the offense charged;

(2) The offense is facilitation of the offense charged or of an offense that otherwise meets the definition of lesser included offense in subdivision (f)(1);

(3) The offense is an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in subdivision (f)(1); or

-11-

(4) The offense is solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in subdivision (f)(1).

(g)(1) Second degree murder is a lesser included offense of first degree murder as defined in § 39-13-202.

(2) Voluntary manslaughter is a lesser included offense of premeditated first degree murder and second degree murder.

(3) Aggravated sexual battery is a lesser included offense of aggravated rape.

(4) Sexual battery and sexual battery by an authority figure are lesser included offenses of rape and aggravated rape.

T.C.A. § 40-18-110.

At first glance, it may appear that Tennessee Code Annotated section 40-18-110 was intended as a codification of the *Burns* test. However, it does not contain a section corresponding to part (b) of the *Burns* test, which addresses different mental states and less serious harm or risk of harm. This omission raises the question of whether part (b) of *Burns* still exists after the amendment of the statute. This question was approached by the supreme court recently in *State v. Fayne*, 451 S.W.3d 362 (Tenn. 2014). While the court provided a great deal of instruction with regard to the statute's application post-*Burns*, it declined to answer the question of whether part (b) of the *Burns* test has been abrogated by the statute as it was not necessary for the resolution of the issues presented in that case. *See Fayne*, 451 S.W.3d at 368 n.5. The posture of this case requires that we face the abrogation question straight on.

We must presume that the General Assembly intended each word in Tennessee Code Annotated section 40-18-110 to have a specific purpose and meaning. *See Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 44 (Tenn. 2013) (citing *State v. Hawk*, 170 S.W.3d 547, 551 (Tenn. 2005)). If the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage, without a forced interpretation. *Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013) (quoting *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). In other words, if part (b) of

the *Burns* test was left out of the statutory language, we must presume that it was an intentional act on the part of the Legislature.[4]

"The power to define what shall constitute a criminal offense and to assess punishment for a particular crime is vested in the legislature." *State v. Burdin*, 924 S.W.2d 82, 87 (Tenn. 1996) (citing *State v. Hale*, 840 S.W.2d 307, 314 (Tenn. 1992); *Hunter v. State*, 496 S.W.2d 900, 902-03 (Tenn. 1972); *Woods v. State*, 169 S.W. 558, 559-60 (Tenn. 1914)); *see also State v. Toole*, 457 S.W.2d 269 (Tenn. 1970) (holding that the Legislature cannot delegate the authority to create crimes to counties or municipalities); *cf. State v. Watkins*, 362 S.W.3d 530, 542 (Tenn. 2012) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977) and quoting *Whalen v. U.S.*, 445 U.S. 684, 689 (1980)) ("The Double Jeopardy Clause does not limit the legislative authority to define criminal offenses and to prescribe punishments . . . . because 'within our federal constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly

---

[4] On the other hand, if we were to determine the statutory language was ambiguous, we could decipher legislative intent in other ways, including consideration of the broader statutory scheme, legislative history, and other sources. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 517 (Tenn. 2014) (citing *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)). Tennessee Code Annotated section 40-18-110 was amended in 2009 by Public Chapter 439. When we look at the legislative history, as explained by Senator Doug Overbey during the Senate session on June 8, 2009, "the purpose of House Bill 588 [the proposed legislation] is to put in statute what constitutes a lesser included offense." *Hearing on S.B. 783*, 106th General Assembly, Senate Sess. (Tenn. June 8, 2009). An amendment to the bill, filed by Senator Mae Beavers and agreed to by the District Attorneys and the Administrative Office of the Courts, added subsection (g), setting forth specific lesser included offenses and was designed to "clarif[y] what is already current practice in court in regards to lesser offenses." *Id*. Senator Overbey explained that:

> Under section 1 of the amendment you have paragraph (f) and paragraph (g), paragraph (f) is to clarify by definition what's a lesser included offense. Apparently confusion exists under current law, so that the purpose of codifying is so that the judges will know exactly what to charge the jury with regard to a lesser included offense. Paragraph (g) of section 1 makes some specific references as to what are lesser included offenses as interpreted by case law. This puts it into statute, again, so there will be no question about these specific offenses are lesser included offenses of the offense charged.

*Id*. The next day, during the House Session, Representative Kent Coleman explained that the "bill [was] intended to apply only to the offenses that are included within the bill; therefore, the *Burns* and *Page* decisions would still be applicable in certain cases. But in the cases that are specified in this bill as amended, the lesser included offenses would be applicable in those charges." *Hearing on H.B. 588*, 106th Gen. Assembly, House Session (Tenn. June 9, 2009). The bill passed and the statute was enacted that year. While it is evident from listening to the discussion on the matter that the statute was designed to clarify the law with regard to lesser included offenses, we find the explanations given during that discussion do little to resolve the issue squarely before this Court.

-13-

with the Congress.'"). Thus, the Legislature certainly has the authority to designate what is a crime in Tennessee and, by implication, what is a lesser included offense of a given crime.

Defendant cites *Dallas Jay Stewart* to support his argument that aggravated sexual battery is not a lesser included offense of rape of a child post-amendment of Tennessee Code Annotated section 40-18-110. *See* 2013 WL 3820992 at *37. The panel in *Dallas Jay Stewart* examined whether aggravated sexual battery was a lesser included offense of rape of a child in the context of a double jeopardy analysis. Specifically, this Court looked to whether multiple convictions for aggravated sexual battery and rape of a child occurring on the same date should be merged, using a plain error analysis because the issue was not raised by either party at trial. This Court utilized the following reasoning to determine if double jeopardy was violated:

> *Blockburger* [*v. United States*, 284 U.S. 299 (1932),] also requires consideration of whether one offense is a lesser included offense of the other. [*State v.*] *Watkins*, 362 S.W.3d [530,] 557 [(Tenn. 2012)]. Lesser included offenses are defined by Tennessee Code Annotated section 40-18-110(f) and (g) (2012). The statute does not classify aggravated sexual battery as a lesser included offense of rape of a child. *See* T.C.A. § 40-18-110(f), (g). Tennessee Code Annotated section 40-18-110(g)(3) provides, "Sexual battery and sexual battery by an authority figure are lesser included offenses of rape and aggravated rape." Similarly, Code section 40-18-110(g)(4) (2012) provides, "[a]ggravated sexual battery is a lesser included offense of aggravated rape." Thus, neither of these statutory provisions directly addresses whether aggravated sexual battery involving a child is a lesser included offense of rape of a child. We note that the offense that is now rape of a child was previously a category of aggravated rape but was recodified in a separate subsection of the Code, albeit before the enactment of Code section 40-18-110(g). *See* T.C.A. §§ 39-13-502 (2010), Sent'g Comm'n Cmts.; 39-13-522 (rape of a child). We likewise note that both aggravated rape and rape of a child involve the same conduct—unlawful sexual penetration of a victim. In the case of aggravated rape, there are various alternatives that qualify unlawful sexual penetration of a victim as aggravated rape. *See id.* § 39-13-502. In the case of rape of a child, the qualifier is that the unlawful sexual penetration occurs to a child. *See id.* § 39-13-522. Nevertheless, Code section 40-18-110(f) and (g) took effect on July 1, 2009, and the offenses in this case occurred after that date, on July 22 and 29, 2009. The legislature expressly provided the means for determining lesser included offenses, and it excluded aggravated sexual battery as a lesser included offense of rape of a child. We are obligated to

-14-

follow its pronouncements. *Cf. State v. David Lynn Harrison*, No. E2008-01082-CCA-R3-CD[, 2010 WL 3238309, at \*10] (Tenn. Crim. App. Aug. 17, 2010) (applying law as it existed at the time of the offense, not the subsequent statutory enactment, to determine whether an offense was a lesser included offense of another).

*Id.* While this Court did not address the propriety of jury instructions charging aggravated sexual battery as a lesser included offense of rape of a child—the issue presented in the case herein—we find this reasoning persuasive.[5]

The Legislature crafted Tennessee Code Annotated section 40-18-110 to set forth the test for determining whether an offense is a lesser included offense. In section (g)(3), the statute specifically designates aggravated sexual battery as a lesser included offense of aggravated rape. The statute makes no mention of aggravated sexual battery as a lesser included offense of rape of a child. Further, as explained below, aggravated sexual battery does not satisfy the test set forth in Tennessee Code Annotated section 40-18-110(f)(1), as all of its statutory elements are not included within the statutory elements of the offense charged.

"Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." T.C.A. § 39-13-522(a). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal

---

[5] We acknowledge that several cases that have reached this Court after the amendment of Tennessee Code Annotated section 40-18-110 have upheld convictions for aggravated sexual battery as a lesser included offense of rape of a child. *See, e.g.*, *State v. Allen Cornelius Bond*, W2014-00069-CCA-R3-CD, 2015 WL 1454520, at \*9 (Tenn. Crim. App. Mar. 27, 2015) (evaluating the sufficiency of the evidence without addressing whether aggravated sexual battery is a lesser included offense); *State v. James Prindle*, No. W2012-02285-CCA-R3-CD, 2014 WL 683879, at \*20 (Tenn. Crim. App. Feb. 19, 2014) (acknowledging the holding in *Dallas Jay Stewart*, but upholding conviction for aggravated sexual battery as a lesser included offense of rape of a child where there was no double jeopardy argument made by the defendant and the defendant specifically requested the instruction); *State v. Donald West Allen, Jr.*, No. E2012-12773-CCA-R3-CD, 2013 WL 5300659, at \*1 (Tenn. Crim. App. Sept. 18, 2013) (evaluating issue of sufficiency of the evidence for conviction for aggravated sexual battery as a lesser included offense of rape of a child); *State v. Jerome R. Flanigan*, No. E2012-01852-CCA-R3-CD, 2013 WL 3964795, at \*1 (Tenn. Crim. App. Jul. 31, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013); *State v. Kenneth Moore*, No. M2013-02022-CCA-R3-CD, 2014 WL 3015518, at \*1 (Tenn. Crim. App. Jul. 2, 2014); *State v. Gerald Branden Fitzpatrick*, No. M2012-00186-CCA-R3-CD, 2013 WL 2152506, at \*1 (Tenn. Crim. App. May 20, 2013), *perm. app. denied* (Tenn. Nov. 18, 2013); *State v. Steven D. Pippin*, No. E2012-00307-CCA-R3-CD, 2012 WL 6115065, at \*3 (Tenn. Crim. App. Dec. 10, 2012), *perm. app. denied* (Tenn. Apr. 9, 2013). None of these cases directly raised the claim that aggravated sexual battery is not a lesser included offense of rape of a child.

openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." T.C.A. § 39-13-501(7). "Aggravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by the victim" when the victim "is less than thirteen (13) years of age." T.C.A. § 39-13-504(a)(4). "'Sexual contact' includes the intentional touching of the victim's [or] the defendant's . . . intimate parts, or the intentional touching of the clothing covering the immediate area of the . . . intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." T.C.A. § 39-13-501(6). Rape of a child and aggravated sexual battery differ in that rape of a child requires penetration and aggravated sexual battery requires sexual contact for the purpose of sexual arousal or gratification. *See State v. Kenneth Moses*, No. E2014-01013-CCA-R3-CD, 2015 WL 1306850, at \*4 (Tenn. Crim. App. Mar. 20, 2015). In other words, aggravated sexual battery is not, using the test set forth in Tennessee Code Annotated section 40-18-110(f)(1), a lesser included offense of rape of a child.

As a result of our determination that aggravated sexual battery is not a lesser included offense of rape of a child under Tennessee Code Annotated section 40-18-110 as amended, Defendant's conviction is improper because the charge of aggravated sexual battery operated as a constructive amendment of the indictment. However, Tennessee Code Annotated section 39-15-401(f) specifically provides that child abuse may be a lesser included offense of "any kind of . . . sexual offense, if the victim is a child and the evidence supports a charge under this section." Child abuse was charged as a lesser included offense to the jury in this case, and we find the record contains sufficient evidence to support such a conviction beyond a reasonable doubt. *See State v. Swift,* 308 S.W.3d. 827, 831-32 (Tenn. 2010).

At first glance, one might wonder how, in light of our analysis herein of the statute defining lesser included offenses, we could come to the conclusion that child abuse is a proper lesser included offense of rape of a child. As noted above, the specific provision relating to a particular subject takes precedence over a general provision applicable to a multitude of subjects. *Black*, 897 S.W.2d at 683. A specific statutory provision, Tennessee Code Annotated section 39-15-401(f), setting forth child abuse as a lesser included offense of "any kind of . . . sexual offense" is, without argument, a specific statutory provision. Thus, child abuse is a proper lesser included offense of rape of a child. Moreover, after reviewing the evidence presented at trial, we determine that the proof supports a conviction of child abuse as defined in Tennessee Code Annotated section 39-15-401(a), a Class D felony. In other words, there was ample proof that Defendant "knowingly, other than by accidental means, treat[ed the victim] . . . in such a manner as to inflict injury . . .," and the victim was under the age of eight at the time of the incident. *Id.* The victim stated that her vagina was "pinched" by Defendant. The medical examination revealed a number of injuries to the external labia as well as some

internal injuries, including "bruising" on the hymen and the area around the hymen, consistent with the victim's report of being hurt with fingernails.  Consequently, we modify the conviction in this case to child abuse and remand the matter to the trial court for entry of a corrected judgment to reflect a conviction for the Class D felony of child abuse and for a new sentencing hearing.

For the sake of clarity in an area that has become somewhat cloudy, we believe that Tennessee Code Annotated section 40-18-110, with its exclusion of part (b) of the *Burns* test, significantly reduces the number of lesser included offenses a trial court will be required to charge.  We note that the lesser included offenses specifically enumerated in subsection (g) differ from the greater offense in that they involve a different mental state or involve a less serious harm or risk of harm to the victim.  Thus, only those limited offenses, specifically designated by the Legislature, survive the abrogation of part (b) of the *Burns* test.  Certainly, if the proof fairly raises evidence of an offense that contains all the statutory elements within the indicted offense—which will also logically include criteria elements such as value and weight, if disputed—the lesser included offense should be charged by the trial judge.  *See* T.C.A. § 40-18-110(f)(1).  If the proof fairly raises evidence of facilitation, attempt, and/or solicitation to commit the indicted offense or its lesser included offense, such lesser included offense should be charged by the trial judge.  *See id.* at (f)(2)-(4).  Further, if the Legislature has created a specific statute that designates a lesser included offense for the indicted offense (such as in this case), the statutory lesser included offense(s) should be charged by the trial judge if fairly raised by the proof at trial.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is modified.  We impose a conviction of the lesser included offense of child abuse.  The matter is remanded for entry of a corrected judgment and a sentencing hearing on the child abuse conviction.

_____
TIMOTHY L. EASTER, JUDGE